UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL BRUNO,

    Plaintiff,

    v.

HYATTE, et al.,

    Defendants.

CAUSE NO. 3:20-CV-800-JD-MGG

OPINION AND ORDER

Michael Bruno, a prisoner without a lawyer, filed a complaint against Warden Hyatte, Internal Affairs Officer McGee, and Correctional Officer Callaway. He alleges that Officer McGee directed that his cell be shaken down repeatedly, property was taken during those shakedowns, Warden Hyatte failed to protect him from Officer McGee's harassment, and Officer Callaway ultimately destroyed his property. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In July 2020, Bruno asserts Officer McGee directed that his cell be shaken down on five occasions. ECF 2 at 4. He did not find contraband on any of those occasions. *Id*.

Officer McGee indicated, however, that he would keep shaking down Bruno's cell until he found something and could write him up. *Id*. While no contraband was found, some of the items that were taken from Bruno's cell included a beard trimmer, glasses, a prayer rug, religious books, gym shoes, an institution-issued tablet, photos, a hot pad, clothing, and a watch. ECF 2 at 4, 6, 10. Bruno believes that his rights were violated because he did not receive a form documenting what items were confiscated, in violation of Indiana Department of Correction (IDOC) policy. ECF 2 at 4-5. But, a violation of the IDOC's policies does not equate to a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). Therefore, the failure to provide Bruno with a confiscation form when his property was taken does not state a claim.

Bruno also believes that the taking of his property violated his constitutional rights. ECF 2 at 8-9. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses

caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, the taking of Bruno's property does not state a claim.

Bruno also alleges that he was discriminated against by taking his religious materials because he is a Muslim. ECF 2 at 6. Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Furthermore, the Equal Protection Clause and the Establishment Clause prohibit a defendant from treating members of some religious faiths more favorably than others without a secular reason. *See Cruz v. Beto*, 405 U.S. 319, 322-23 (1972); *Nelson v. Miller*, 570 F.3d 868, 880-82 (7th Cir. 2009). "The rights of inmates belonging to minority or non-traditional religions must be respected to the same degree as the rights of those belonging to larger and more traditional denominations." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991). Bruno, however, alleges only that Officer McGee directed that his cell be shaken down repeatedly – he does not allege that Officer McGee directed that material of a religious nature be confiscated. The allegations in the complaint do not permit an inference that Officer McGee either took Bruno's religious material from him or directed that the materials be taken.

3

Bruno has sued Warden Hyatte, alleging that he wrote him a letter on July 30, 2020, to ask for help. ECF 2 at 7. But, the Warden did not do anything to help him or protect his property. *Id*. "'[N]o prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (quoting *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). As the Seventh Circuit explained in *Burks*:

> The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks,* 555 F.3d at 595. Likewise, Bruno cannot hold Warden Hyatte liable for the suffering he experienced as a result of Officer's McGee's actions merely because Warden Hyatte knew about Bruno's allegations.

Furthermore, Bruno asserts that Officer McGee gave his property to Officer Callaway who handed it over to another offender. ECF 2 at 5, 8. That offender returned the property to Officer Callaway, but the property was then destroyed. *Id*. As already explained, to the extent that Officer Callaway may have played a role in the destruction of Bruno's property, Bruno has an adequate state law remedy and, therefore, he may not proceed here.

4

While it seems unlikely that Bruno will be able to state a claim, given the facts presented in his complaint, he will nonetheless be granted an opportunity to amend his complaint if, after reviewing this court's order, he believes that he can plausibly state a claim. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If Bruno decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint form Pro Se 14 (INND Rev. 2/20) and send it to Michael Bruno;

(2) GRANTS Michael Bruno until **May 31, 2021**, to file an amended complaint; and

(3) CAUTIONS Michael Bruno, that, if he does not respond by that deadline, his case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT